Ana Isabel **BARRIENTOS–BARRERA, Petitioner,**

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 04–76669.
Agency No. A76–266–354.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

Ana Isabel Barrientos–Barrera, Bakersfield, CA, pro se.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Greg D. Mack, Anthony W. Norwood, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondents.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM[**]

Ana Isabel Barrientos–Barrera, a native and citizen of Guatemala, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming, without opinion, an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Rodriguez–Rivera v. INS*, 848 F.2d 998, 1001 (9th Cir.1988), we deny the petition for review.

The record would not compel a reasonable fact-finder to conclude that Barrientos–Barrera has established past persecution or a well-founded fear of future persecution by guerrillas based on their attempts to recruit Barrientos–Barrerra's husband and her refusal to inform the guerrillas of her husband's whereabouts. *See id.* at 1006 (threats from guerrillas may suffice to create a well-founded fear of persecution only if the record demonstrates that the guerrillas have the will or ability to carry out the threats); *see also Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (holding that "[t]hreats standing alone ... constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm'") (citation omitted). Accordingly, Barrientos–Barrera failed to establish eligibility for asylum.

Because Barrientos–Barrera failed to establish eligibility for asylum, she neces-sarily failed to meet the more stringent standard for withholding of removal. *See Rodriguez–Rivera*, 848 F.2d at 1007.

Barrientos–Barrera's contention that the BIA inadequately articulated its reasons for denying relief is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848, 850–51 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

